Ryan Lee (SBN: 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: 866-583-3695
rlee@consumerlawcenter.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT,**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| JESSE FENSTER, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| MCMILLAN & ANDREWS, LLC, | **(Unlawful Debt Collection Practices)** |
| Defendant. | |

**PLAINTIFF'S COMPLAINT**

JESSE FENSTER (Plaintiff), through his attorneys, KROHN & MOSS, LTD., alleges the following against MCMILLAN & ANDREWS, LLC (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of Arizona, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

5. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

6. Plaintiff is a natural person residing in the city of Surprise, county of Maricopa, state of Arizona.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a collection agency with its headquarters in Lockport, New York.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant has been placing constant and continuous collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant calls Plaintiff on his home (623-825-3097) and cell (631-839-8876) phone numbers.

13. Defendant's representative, Ms. Greenberg, left Plaintiff a voicemail message stating that she was calling in regard to an "affidavit and complaint" in association with Plaintiff's name and social security number (see Exhibit "A").

14. Defendant's representative, Ms. Greenberg, left Plaintiff a voicemail message stating that there is a "docket" number associated with Plaintiff's account (see Exhibit "A").

15. Defendant's representative, Ms. Greenberg, left Plaintiff a voicemail message stating that she was calling Plaintiff regarding a "required matter" in accordance with "the state

and federal regulations department of Arizona" (see Exhibit "A").

16. Defendant failed to send Plaintiff a debt validation letter.

17. Defendant calls Plaintiff from 716-250-4340.

18. Defendant failed to identify itself as a debt collector in subsequent communications (see Exhibit "A").

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692(d)* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiffs.

   b. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   c. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

   d. Defendant violated *§1692e(1)* of the FDCPA by falsely representing that Defendant is affiliated with the state of Arizona and the federal government.

   e. Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the legal status of Plaintiff's alleged debt by implying that Defendant in possession of a complaint and docket number.

   f. Defendant violated *§1692e(5)* of the FDCPA by threatening to take legal action against Plaintiff even though Defendant has not and does not intend to take such action.

   g. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by falsely representing that Defendant is affiliated with

the state of Arizona and the federal government and by implying that Defendant in possession of a complaint and docket number.

    h. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

    i. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

20. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit B).

WHEREFORE, Plaintiff, JESSE FENSTER, respectfully requests judgment be entered against Defendant, MCMILLAN & ANDREWS, LLC, for the following:

21. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

22. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

- 4 -

23. Actual damages,

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

25. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, JESSE FENSTER, demands a jury trial in this cause of action.

                                                    RESPECTFULLY SUBMITTED,

DATED: July 28, 2009            KROHN & MOSS, LTD.

                                        By: /s/ Ryan Lee

                                        Ryan Lee
                                        Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ARIZONA

Plaintiff, JESSE FENSTER, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JESSE FENSTER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: July 24, 2009          _____
                              JESSE FENSTER

1
2
3
4
5  **<u>EXHIBIT A</u>**
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

PLAINTIFF'S COMPLAINT

This is a required matter from the ____ federal regulations for the State of Arizona Jesse Fenster, this is not a solicitation. This is a very private and confidential matter to discuss with you concerning the affidavit, complaint attached with your name and social security, had already sent you to that effect. Either yourself or your attorney needs to return this call immediately.  This is Ms. Greenberg at McMillian Andrews.  I can be reached at 1877-272-8192.  My extension is 205.  Upon returning this call, reference your docket number 149859.  Good day and good luck.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# **EXHIBIT B**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** / NO
2. Fear of answering the telephone — **YES** / NO
3. Nervousness — **YES** / NO
4. Fear of answering the door — **YES** / NO
5. Embarrassment when speaking with family or friends — **YES** / NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** / NO
7. Chest pains — **YES** / NO
8. Feelings of hopelessness, pessimism — **YES** / NO
9. Feelings of guilt, worthlessness, helplessness — **YES** / NO
10. Appetite and/or weight loss or overeating and weight gain — **YES** / NO
11. Thoughts of death, suicide or suicide attempts — YES / **NO**
12. Restlessness or irritability — **YES** / NO
13. Headache, nausea, chronic pain or fatigue — **YES** / NO
14. Negative impact on my job — YES / **NO**
15. Negative impact on my relationships — **YES** / NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _I AM PRESENTLY UNDER MEDICAL CARE AS A CARDIAC PATIENT. I'VE HAD TO INCREASE MEDICATION FOR ELEVATED BLOOD PRESSURE AS A DIRECT RESULT OF TENSION AND FEAR OF VERBAL DEMANDS FOR MONEY._

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: _7/24/09_

Signed Name: _Jesse L. Fenster_

Printed Name: _JESSE L. FENSTER_